UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GWENDOLYN COLE-HOOVER, M.D.,

                Plaintiff,

                                                    **DECISION AND ORDER**
                                                             10-CV-669A

       v.

ERIC K. SHINSEKI, as Secretary of
   Veterans Affairs, et al.,

                Defendants.

---

## I.    INTRODUCTION

Pending before the Court is a motion by defendants Eric K. Shinseki,[1] William F. Feeley, Miguel Rainstein, M.D., Donald McDonald, M.D., and Ann Saczak, R.N. to dismiss Counts Two, Four, Six, and Seven of plaintiff's eight-count amended complaint. Defendants have filed their motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

In Counts Two and Four, plaintiff accuses the individual defendants—all of whom are medical providers or administrators in the Veterans Affairs Western New York Healthcare System ("VA")—of creating a hostile work environment and

---

[1] Defendant Shinseki is sued in his official capacity as Secretary of Veterans Affairs and serves as plaintiff's former employer for purposes of this employment-discrimination case. *See* 42 U.S.C. § 2000e-16(c) (setting forth that, in Title VII cases by a federal employee, "the head of the department, agency, or unit, as appropriate, shall be the defendant").

of retaliation in violation of New York's Human Rights Law, N.Y. Exec. Law §§ 290–301.  Defendants want Counts Two and Four dismissed because Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, provides the exclusive remedy for federal employees alleging employment discrimination.  Plaintiff does not contest that argument.

In Count Six, plaintiff accuses all defendants of negligent infliction of emotional distress.  In Count Seven, plaintiff accuses the individual defendants of intentional infliction of emotional distress.  Defendants want Counts Six and Seven dismissed because they derive from the same facts supporting plaintiff's Title VII claims in Counts One and Three and because, again, Title VII is the exclusive remedy for employment discrimination.  Plaintiff counters that the Court should not dismiss her tort claims before defendants take the steps necessary to invoke the Federal Tort Claims Act ("FTCA").[2]

Defendants do not challenge Counts One, Three, Five, and Eight of the amended complaint in the pending motion.  Counts One and Three allege a hostile work environment and unlawful retaliation in violation of Title VII.  Count Five alleges a violation of due process related to plaintiff's termination.  Count Eight is a request for a declaratory judgment that plaintiff was a permanent VA employee, a status that plaintiff contends would have required a higher level of due process before she could be terminated.

---

[2] 60 Stat. 842 (codified as amended in scattered sections of 28 U.S.C.).

The Court has deemed the pending motion submitted on papers pursuant to FRCP 78(b). For the reasons below, the Court grants defendants' motion.

## II. BACKGROUND

This case concerns allegations that medical providers and administrators at the VA discriminated against plaintiff, a family medicine physician, because she is black. Plaintiff began working for the VA in August 2004 and was formally terminated on June 24, 2009. Defendants allegedly created a hostile work environment for plaintiff "almost immediately" (Dkt. No. 10 ¶ 16) after she began working at the VA. Plaintiff does not explain in her amended complaint what "almost immediately" means; she also never specifies what happened "almost immediately" to create the hostile work environment. In conclusory fashion, plaintiff describes that a hostile work environment existed; that she complained about it; that her supervisors by 2008 became "so intolerable and hostile" and "out of control" (*id.* ¶ 18); and that she made further complaints in response. Plaintiff appears to be alleging that in January 2009, she filed a document called a Report of Contact concerning defendant McDonald's abuse of a black male patient and his daughter; and that VA staffers who are not named defendants later filed a retaliatory Report of Contact against her for allegedly abusing a white male patient. The alleged patient abuse by plaintiff led to disciplinary action against her that included a temporary suspension of patient contact. The relationship between plaintiff and defendants continued to deteriorate in the

3

spring of 2009, as defendants began to question the quality of her medical notes and became increasingly hostile when addressing her.  Toward the end of the factual allegations in the amended complaint, plaintiff states that she became aware in the last months of her employment that white doctors working at the VA had higher salaries than she did, even though they had less experience and fewer responsibilities.  As mentioned above, plaintiff was formally terminated from employment with the VA on June 24, 2009.

Plaintiff sought administrative and judicial redress after the alleged discrimination that led to her termination.  Plaintiff timely filed a charge of employment discrimination with the Department of Veterans Affairs, Office of Resolution Management.  On May 17, 2010, plaintiff received a Notification of Right to Sue from the Department of Veterans Affairs, Office of Employment Discrimination Complaint Adjudication.  After receiving the Notification of Right to Sue, plaintiff timely filed her original complaint on August 12, 2010.  On February 4, 2011, defendants filed a motion to dismiss a number of claims in the original complaint as procedurally defective.  In response to defendants' motion to dismiss, plaintiff invoked her right under FRCP 15(a)(1)(B) to amend her complaint once as a matter of course and filed an amended complaint on March 4, 2011.  The amended complaint contains eight counts.  Counts One and Three accuse defendant Shinseki, as plaintiff's former employer, of a hostile work environment and retaliation in violation of Title VII.  Counts Two and Four make

the same accusations against the individual defendants in violation of the Human Rights Law.  Count Five accuses the individual defendants of a violation of due process related to her termination.  Count Six accuses all defendants of negligent infliction of emotional distress resulting from the adverse employment actions that they took against plaintiff.  Count Seven accuses the individual defendants of intentional infliction of emotional distress resulting from their adverse employment actions.  Count Eight is a request for a declaratory judgment that plaintiff was a permanent employee under VA regulations and thus was entitled to a level of due process before her termination that she did not receive.

In response to plaintiff's amended complaint, the Court permitted defendants to file updated papers for their motion to dismiss.  Defendants did so on March 11, 2011.  In their updated motion to dismiss, defendants argue that Counts Two and Four should be dismissed because federal employees sued for employment discrimination cannot be sued under any statute other than Title VII.  Plaintiff agrees, and asks the Court to dismiss these counts.  Defendants seek dismissal of Counts Six and Seven for essentially the same reason.  Specifically, defendants contend that the same adverse employment actions that plaintiff has alleged as Title VII violations are the source of plaintiff's emotional distress claims, and that Title VII is the exclusive remedy for employment discrimination committed by federal employees.  Plaintiff asserts in opposition that Counts Six and Seven raise tort claims, and that the Court should not dismiss either tort

claim because defendants have not invoked the FTCA to address them. Specifically, plaintiff maintains that dismissal of Counts Six and Seven is not appropriate unless the Attorney General certifies, under 28 U.S.C. § 2679(c) and (d)(1), that defendants were acting within the scope of their employment when the alleged discrimination occurred.

## III.   DISCUSSION

### A.   *Rules 12(b)(1) and 12(b)(6) Generally*

Defendants advance their arguments under both FRCP 12(b)(1) and 12(b)(6).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).  "[W]e must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs."  *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citations omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova*, 201 F.3d at 113 (citation omitted).  As for FRCP 12(b)(6), the Court will proceed through defendants' arguments by "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted).  "Simply stated, the

question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery." *Bostic v. City of Binghamton*, No. 3:06-CV-540, 2006 WL 2927145, at *2 (N.D.N.Y. Oct. 11, 2006).

### B.    *Counts Two and Four of the Amended Complaint*

The Court need not spend much time considering defendants' challenge to Counts Two and Four.  Both sides agree that "the established principle leads unerringly to the conclusion that [42 U.S.C. § 2000e-16(c)] provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *see also Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998) ("We also agree with the district court that allowing state law discrimination claims to proceed against [individual defendants] in their individual capacities would allow Rivera to evade the holding of *Brown* that Title VII provides the sole remedy for federal employees alleging employment discrimination.").  Federal employees thus cannot make legally cognizable claims against their employers under the Human Rights Law.  Accordingly, the Court grants defendants' motion with respect to Counts Two and Four.

### C.    *Counts Six and Seven of the Amended Complaint*

Defendants' challenge to Counts Six and Seven requires a little more consideration because those emotional distress counts ostensibly sound in tort.  Plaintiff is generally correct that tort claims against federal employees require

determining at some point whether those employees acted within the scope of their employment. Such a determination is important because the United States automatically replaces individual employees as the tort defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Even before certification occurs, however, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *see also Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived."). Plaintiff never presented any claim sounding in tort to the VA before filing suit. Additionally, Counts Six and Seven of the amended complaint set forth explicitly that "wrongful adverse employment actions"—the same ones that form the basis of the Title VII allegations in Counts One and Three—caused plaintiff's emotional distress. "Courts have refused to permit the invocation of state law remedies to circumvent the exclusivity of Title VII as a remedy for discrimination in federal employment." *Lewis v. Snow*, No. 01 Civ. 7785, 2003 WL 22077457, at *11 (S.D.N.Y. Sept. 8, 2003) (citations omitted); *cf. Spinelli v. Sec'y of Dep't of Interior*, No. 99-CV-8163, 2006 WL 2990482, at *9–10

8

(E.D.N.Y. Oct. 19, 2006) ("[P]ermitting federal employees to invoke state law remedies for claims of employment discrimination would work an impermissible end-run around Title VII's administrative requirements . . . . Here, plaintiffs attempt such an 'end-run' around Title VII: plaintiffs' state law tort claims derive solely from the alleged workplace discrimination underlying their federal law claims.") (internal quotation marks and citations omitted).  Plaintiff may well have suffered emotional distress stemming from employment discrimination, but the exclusivity of Title VII and the failure to present any tort claims to the VA require her to pursue relief through the Title VII claims in Counts One and Three. Accordingly, the Court grants defendants' motion with respect to Counts Six and Seven.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants defendant's motion (Dkt. Nos. 4, 11) to dismiss Counts Two, Four, Six, and Seven of the amended complaint.  The case will proceed to discovery based on Counts One, Three, Five, and Eight.  Defendants shall answer the amended complaint within 20 days of entry of this Decision and Order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 9, 2011